IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

PAUL ALLEN TALENT,

        Defendant.
_____/

CIV. NO. S-08-0900 EJG
CR. NO. S-90-0408 EJG

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

    Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  After reviewing the record, the documents filed in connection with the motion, and the applicable law, the court has determined that the motion can be decided without a hearing and without a response from the United States.  The files and records of the case affirmatively show the factual and legal invalidity of defendant's motion.  Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989).  For the reasons set forth below, the motion is DENIED.

Background

Defendant was convicted on October 9, 1991 of multiple drug trafficking offenses and two gun counts, pursuant to pleas of guilty he entered on the third day of a jury trial.[1] He was sentenced January 13, 1992 to a term of 352 months imprisonment and eight years supervised release. Prior to sentencing, the government filed an information charging defendant with the commission of two prior drug offenses, pursuant to 21 U.S.C. § 851.[2] As required by statute, the court asked defendant before pronouncement of sentence whether he denied or affirmed the convictions, warning him that failure to challenge the convictions prior to sentence would preclude any later attack. Defendant affirmed both of the state convictions.[3] As a result of the prior convictions defendant was found to be a career offender, the outcome of which was a significant increase in the adjusted offense level and the criminal history category, as well as the resultant term of imprisonment.

---

[1] The counts to which defendant pled guilty were: 1) conspiracy to possess cocaine with intent to distribute; 2) attempt to possess cocaine with intent to distribute; 3) use of a firearm during a drug trafficking offense; 4) felon in possession of a firearm; 5) possession of methamphetamine; and 6) possession of cocaine base.

[2] On June 10, 1981 and again on February 15, 1985, defendant was convicted of possession of a controlled substance for sale. The former was in violation of California Health & Safety Code § 11378, while the latter was a violation of California Health & Safety Code § 11351.

[3] A transcript of the sentencing proceedings is part of the court record ("C.R."), docket entry 106. The admonition and admissions described above are found at C.R. 106, 16: 13 - 17:17.

Defendant appealed his sentence, contending the court erred when it found it lacked authority to grant a downward departure from the career offender determination. In a memorandum opinion, the Ninth Circuit rejected defendant's argument and affirmed the sentence finding that the district court was aware of its discretion to depart but elected not to do so. <u>United States v. Talent</u>, No. 92-10067 (9th Cir., filed February 3, 1993).

Now, some fifteen years after his conviction and sentence were affirmed on appeal, defendant files the instant motion to vacate, set aside or correct his sentence contending that one of the prior convictions used to enhance his sentence was improperly applied.  The motion fails on both procedural and substantive grounds.

<u>Discussion</u>

Motions brought pursuant to section 2255 are subject to a one year statute of limitations.  In most cases the one year period runs from the date on which "the judgment of conviction became final."  28 U.S.C. § 2255(1).  A judgment is final after judgment has been entered, the availability of appeal has been exhausted, and the time for filing a certiorari petition has elapsed or the petition has been denied. <u>Griffith v. Kentucky</u>, 107 S.Ct. 708, 712 n.6 (1987). Here, judgment was entered January 13, 1992, and the conviction was affirmed February 3, 1993. Defendant did not seek further review from the Supreme Court, so the judgment became final ninety days after entry of the appeal

3

on the docket, or May 26, 1993.  Defendant's § 2255 motion, filed almost fifteen years after expiration of the limitations period is time-barred.

Recognizing this impediment to relief, defendant argues the motion is timely because he only recently became aware that one of his prior convictions was "improperly applied."  Thus, he contends his motion is timely under subsection 4 of section 2255. That subsection states that, "[t]he [one-year] limitation period shall run from . . . - (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of **due diligence**." (emphasis added). In support of his reliance on this subsection defendant states that "the terrible injustice done to my [sic] in the instant case only entered my awareness when a fellow inmate made me aware of the fact that I was erroneously sentenced."  Defendant's points and authorities in support of § 2255 motion, p. 4.

This is insufficient to meet the requirements of due diligence.  In a somewhat analogous case brought by a defendant challenging the career offender enhancement, the Supreme Court stated that "[d]iligence can be shown by prompt action on the part of the [defendant] as soon as he is in a position to realize that he has an interest in challenging the prior conviction, with its potential to enhance the later sentence." Johnson v. United States, 544 U.S. 295, 298 (2005).  In Johnson that date was found to be the date on which a defendant receives notice that an

4

underlying state conviction has been vacated, as long as defendant sought the vacation with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence. Id.

Here, defendant has not sought to have either of his underlying state convictions vacated. Rather, he argues that one of them was for mere possession and should not have been used to enhance his sentence because it was not a trafficking offense. Setting aside for a moment the validity of defendant's argument, or the lack thereof, his reliance on his lack of education and unfamiliarity with the law as a basis for raising a challenge fifteen years after the fact is legally insufficient. "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." Id. at 311.

On the record before the court, 17 years from entry of judgment to the date of challenge falls far short of reasonable diligence. That defendant at least suspected one of his prior convictions was susceptible to challenge, is clear from the arguments, both oral and written, made at the time of sentencing, and again on appeal. Based on the foregoing, defendant's motion is time-barred.

In any event, even if the court was to consider defendant's motion on the merits, he would not be entitled to a reduction of sentence. The prior drug convictions to which he admitted were a

5

proper basis for enhancement of defendant's sentence. One was for a violation of California Health & Safety Code § 11378 and the other for a violation of § 11351.  Both statutes penalize possession of controlled substances for sale. The Supreme Court recently made clear that a federal sentence can be enhanced for a prior state drug conviction only if the offense is punishable as a felony under the federal Controlled Substances Act.  See United States v. Lopez, 127 S.Ct. 625 (2006).  Possession of a controlled substance for sale is such an offense.  See 21 U.S.C. § 841(a).

    For the reasons stated above, defendant's motion to vacate, set aside or correct his sentence fails on both procedural and substantive grounds.  The motion is DENIED.  The Clerk of Court is directed to close companion civil case Civ. No. S-08-0900 EJG.

    IT IS SO ORDERED.

Dated: May 22, 2008

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

6